IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARSHALL MARTIN, | ) | |
|---|---|---|
| Petitioner | ) ) ) | |
| vs. | ) ) | Civil Action No. 07-1694 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| DAVID DIGUGLIELMO; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | ) ) ) ) ) ) | |
| Respondents | ) | |

## MEMORANDUM OPINION AND ORDER

Marshal Martin ("Petitioner") seeks, by means of a Section 2254 habeas petition, to challenge the state courts' setting of bail at $150,000. Because Petitioner fails to demonstrate that the state courts' adjudication of his federal claims was contrary to or an unreasonable application of Supreme Court precedent, his petition will be denied.

Petitioner was convicted by a jury on March 26, 2002 of criminal attempt to commit homicide and firearms violations in connection with the shooting of Robert Epps, who was, at the time, a college fraternity member. The shooting arose due to a fight between Petitioner and an apparent rival for the affections of Petitioner's wife. The rival was a fraternity brother of Mr. Epps.

Petitioner was sentenced to 10 to 20 years. After unsuccessfully appealing his conviction, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition and after conducting a hearing, the PCRA trial court granted him a new trial based on claims of ineffectiveness of counsel. The Commonwealth appealed the order of the PCRA trial court granting the new trial to the Superior Court and that appeal is now pending. Petitioner requested bail pending appeal. Specifically, Petitioner requested house arrest, i.e., electronic monitoring. After some proceedings in the state

courts, a bail hearing was conducted by the PCRA court and bail was set at $150,000 straight. Petitioner thereafter filed a petition for modification/reduction of bail, Dkt. [10-2] at 15, which was denied. Id., at 16. Rather than appeal that order, it appears that Petitioner filed a motion to modify/reduce bond in the Superior Court, which was denied by the Superior Court on June 7, 2007. Dkt. [10-2] at 20. Thereafter, Petitioner filed an application for modification/reduction of bail in the Pennsylvania Supreme Court, which denied the application on July 26, 2007. See id., at 19.

Thereafter, Petitioner filed pro se the instant Section 2254 habeas petition, Dkt. [1] and a brief in support, Dkt. [2]. Petitioner raises the following issue in that petition:

> DID THE STATE COURT ERROR [sic] LEGALLY AND ABUSE ITS DISCRETION WHEN SETTING BAIL PENDING APPEAL THAT IS EXCESSIVE AND UNREASONABLE, VIOLATING THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF [the] EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Dkt. [1] at 7, ¶12. After being granted an extension of time, the Respondents filed an answer, wherein they contend that Petitioner is not entitled to relief on the merits. Dkt. [10]. In the answer, the Respondents included, inter alia, a copy of the transcript of the bail hearing. Dkt. [10-2] at 1 to 10.

More recently, Petitioner filed a motion for judgment on the pleadings, Dkt. [15], that was denied as duplicative of the habeas petition. Dkt. [16].

**B. Applicable Legal Standards**

An inmate confined pursuant to a state court order may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2241(c)(3); § 2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). Violations of state law or state procedural rules alone are not sufficient;

a petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991).

The parties agree that this Court's jurisdiction to entertain this petition is premised on 28 U.S.C. § 2254.[1] Because Petitioner is alleging a violation of the Eighth Amendment clause banning excessive bail, he meets the threshold requirement of alleging a Constitutional violation cognizable in federal habeas proceedings. See, e.g., Sistrunk v. Lyons, 646 F.2d 64 (3d Cir. 1981)(finding that the Eighth Amendment ban on excessive bail is one of the rights enshrined in the Bill of Rights that applies by the doctrine of selective incorporation against the States via the substantive due process clause of the Fourteenth Amendment). Contra Garson v. Perlman, 541 F.Supp.2d 515 (E.D.N.Y. 2008). See also Kathleen Sullivan & Gerald Gunther, Constitutional Law, 446-47 (14th ed. 2000) ("As a result of the selective incorporation technique illustrated by *Duncan*, all the criminal process guarantees of the Bill of Rights are applicable to the states, with

---

[1] Notwithstanding the parties' apparent agreement, it is not entirely clear to this Court whether we have jurisdiction over this petition pursuant to Section 2241(c)(3) or Section 2254(a). See Prince v. Bailey, 464 F.2d 544 (5th Cir. 1972) (where, at time of filing application for federal writ of habeas corpus, petitioner was incarcerated awaiting state trial so that his incarceration was not pursuant to a state court judgment, federal district court was without jurisdiction pursuant to Section 2254 to consider application); McGuire v. Blubaum, 376 F.Supp. 284 (D.Ariz. 1974) (petitioner in pre-trial detention could not use § 2254 because there was no "judgment" and hence court treated petition as one filed pursuant to Section 2241). In either case, this Court definitely has jurisdiction pursuant to one or the other of the provisions. In any event, the Court of Appeals for the Third Circuit appears to have assumed that an attack on a state court's determination of bail pending retrial (in a case factually similar to the case at hand) is brought under Section 2254. Sistrunk v. Lyons, 646 F.2d 64 (3d Cir. 1981). Cf. Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001). However, the focus of the Sistrunk Court was whether the state prisoner had a federal constitutional right to bail, and not on whether Section 2254 or Section 2241 was the proper vehicle by which to bring the claim. Resolution of the question as to whether this is properly a Section 2254 or Section 2241 petition may have implications for the proper standard of review and the necessity of a certificate of appealability.

the exception of the grand jury indictment provision of the 5th Amendment and arguably, the 'excessive bail' provision of the 8th Amendment ....").

Given that the parties present this as being properly a Section 2254 petition, the following standard of review applies. Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C.§ 2254(d) and (e). Section 2254 (d)(1), which, in light of Petitioner's arguments, is applicable herein, provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court has expounded upon the standard found in Section 2254(d)(1). In Williams, the Court explained that Congress intended that habeas relief may only be granted in two situations: (1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or (2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." The Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (*quoting* Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc), cert. denied, 528 U.S. 824 (1999)). In elucidating the "unreasonable application" clause, the Court in Werts v. Vaughn explained that

> [i]n analyzing the "unreasonable application of" provision, we are not authorized to grant habeas corpus relief simply because we disagree with the state court's decision or because we would have reached a different result if left to our own devices. A contrary holding would amount to de novo review which we have held is proscribed by the AEDPA. Thus, the appropriate inquiry at this juncture is whether the state court's application of Supreme Court precedent was objectively unreasonable. Williams, 120 S.Ct. at 1521; Matteo, 171 F.3d at 889-90. In other words, "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Matteo, 171 F.3d at 890.

Werts v. Vaughn, 228 F.3d at 197 (some citations omitted). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888. Under the "contrary to" clause, the "petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." Matteo, 171 F.3d at 888. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412 (the "statutory phrase [i.e., 'clearly established Federal law, as determined by the Supreme Court'] refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision.").

To the best of this Court's knowledge, the Supreme Court of the United States has never held that the Eighth Amendment prohibition on excessive bail applies to the States via the incorporation doctrine of the Fourteenth Amendment's substantive due process clause. Hence, the state courts' decisions to not grant Petitioner a reduction in bail cannot, as a matter of logic, be said to be contrary to Supreme Court precedent. If the United States Supreme Court has never held that the excessive bail provision applies to the States then whatever the decision of the state courts with respect to bail cannot be contrary to the United States Supreme Court's silence on this matter. The Court presumes that it remains open to Petitioner to show that the State Courts' decision not to lower the bail below $150,000 was an unreasonable application of Supreme Court precedent. But see Dobynes v. Hubbard, 81 Fed.Appx. 188, 189 (9th Cir. 2003) ("Decisions of the Supreme Court are the *only* ones that can form the basis justifying habeas relief; 'lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar.'")(quoting, Williams v. Taylor, 529 U.S. 362, 381 (2000)). However, if the Supreme Court has failed to hold that the Eighth Amendment right to non-excessive bail applies to the States, it is conceptually difficult to see how the state courts' actions with respect to Petitioner's bail could be said to be an unreasonable application of Supreme Court precedent. Even if the state courts had absolutely denied bail, such would not seem to be an unreasonable application of then extant Supreme Court precedent, where the Supreme Court has failed to hold that state prisoners have any Eighth Amendment (as incorporated into the Fourteenth Amendment) right to such.

Nevertheless, assuming that Petitioner could merit habeas relief by showing that the state courts' adjudication of his bail reduction request constituted an unreasonable application of then

extant federal Supreme Court precedent, Petitioner nonetheless loses, as he has utterly failed to show that the state courts' adjudication of his claim was unreasonable.

None of the cases Petitioner cites to this Court establishes the unreasonableness of the state courts' action and in fact, the cases, which he cites suggest that the setting of bail by a state court is reviewed in a federal habeas case under a highly deferential standard of abuse of discretion or of constitutional arbitrariness and that there is no absolute right to bail pending appeal. See, e.g, United States ex rel. Garcia v. O'Grady, 812 F.2d 347, 3527 (7th Cir. 1997)("In determining whether the bail is 'reasonably calculated,' the federal courts cannot be expected to conduct a de novo bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an unwarranted interference in the operation of the state's criminal justice system.' . . . We also stated in *Fitzgerald* that 'the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail.'"); Nowaczyk v. New Hampshire, 882 F.Supp. 18, 21 (D.N.H. 1995)("A federal court is also not empowered to 'substitute its opinion as to what an appropriate amount of bail should be.' *United States ex rel. Garcia*, 812 F.2d at 355. Instead, 'the only issue [a federal court may consider] ... is whether the state judge has acted arbitrarily' in setting petitioner's bail. *Id*.").

Perhaps, the strongest case Petitioner cites to this Court is Brandy v. United States, 82 S.Ct. 11 (1961)(Douglas, J., in chambers). We note that the case is a decision rendered by a single justice, and hence of no binding force upon the federal courts. See Territorial Court of Virgin Islands v. Richards, 674 F.Supp. 180, 181 n.2 (D.V.I. 1987) ("Moreover, since he was sitting as a Circuit Justice, his decision does not carry the precedential value of an opinion of the

7

United States Supreme Court."). Moreover, the facts of the case and the procedural posture of the case make it distinguishable from the case at hand. The facts of Brandy were that an indigent federal prisoner sought release on his personal recognizance pending disposition of his petitions for certiorari in the Supreme Court. Bail had been set by the federal courts for the indigent prisoner but he was unable to make the amount of bail. The request for release was addressed to a single justice. Notwithstanding the fact that the single Justice stated in dicta that "reflection has led me to conclude that no man should be denied release because of indigence. Instead, under our constitutional system, a man is entitled to be released on 'personal recognizance' where other relevant factors make it reasonable to believe that he will comply with the orders of the Court[,]" Brandy, 82 S.Ct. at 13, the single justice declined to grant such relief because the Supreme Court had "reserved decision as to whether or not a single Justice or Circuit Justice had the power to fix bail pending disposition of a petition for certiorari of that kind[ i.e., a petition for certiorari seeking review of the Circuit Court's denial of a reduction of bail]. If the relief were granted by a single Justice, it would make the petition for certiorari moot." Id.

The Bandy case involved a federal prisoner, seeking release on personal recognizance pending disposition of his petitions for certiorari and the issue presented was whether under the Federal Rules of Criminal Procedure in place at the time, the single Justice should grant such a release. The single justice declined to grant any relief under the Rules. In contrast, here we are dealing with a State prisoner who is seeking habeas relief from a state court decision regarding the proper amount of bail. Unlike in Bandy, where there were no considerations of comity, considerations of comity weigh heavily here. Unlike Bandy, we are confronted with constitutional questions not questions of interpreting the Federal Criminal Rules or the proper practice of single justices of the Supreme Court. Hence, it is clear that the holding, as opposed

to the dicta in this single justice non-binding opinion, utterly fails to render the state courts' disposition of Petitioner's claims contrary to or an unreasonable application of Supreme Court precedent.

Accordingly, as Petitioner has failed to show that the state courts' disposition of his claims was contrary to or an unreasonable application of extant Supreme Court precedent, relief should be denied.

In the alternative, even if this case were not properly brought as a Section 2254 petition, (and hence Petitioner is not required to show the state courts' disposition was contrary to or an unreasonable application of Supreme Court precedent) but should be properly considered a

Section 2241 petition,[2] such would not change the outcome. Assuming this is properly brought as a Section 2241 petition, the burden upon Petitioner is as follows:

---

[2] For example, the Court in Johnson v. Chatham County Detention Center, No. CV406-196, 2006 WL 3408215, at *1 (S.D.Ga. Nov. 27, 2006), held that

> Petitioner has filed a petition for writ of habeas corpus using the standard form developed for prisoners who wish to challenge the constitutionality of their convictions under 28 U.S.C. § 2254. That statute provides a habeas remedy for persons held "in custody pursuant to the judgment of a State court...." 28 U.S.C. § 2254(a). Petitioner, however, is a pretrial detainee at the Chatham County Detention Center who seeks to challenge the revocation of his bond by a state court judge. Because a state pretrial detainee is not in custody pursuant to a state court *judgment*, he may not utilize § 2254 but may only seek federal habeas relief to 28 U.S.C. § 2241, which provides a remedy for any person held in violation of "the Constitution, laws, or treaties of the United States," including those who have yet to be convicted and, therefore, are not held under a "judgment."

Similarly, the Court in Love v. Ficano, 19 F.Supp.2d 754, 755 n.2 (E.D.Mich. 1998) held that

> Petitioner initially filed this action under 28 U.S.C. § 2254. On July 31, 1998, petitioner filed a motion to amend the statutory authority under which his petition is being filed to 28 U.S.C. § 2241(c)(3). This Court finds that 28 U.S.C. § 2241(c)(3) is the proper statutory authority, because, inter alia, petitioner is not seeking review of his judgement of conviction in this habeas action. . . . In the instant case, petitioner does not seek review of his state judgment of conviction, which has already been undermined by the trial court's opinion granting him a new trial. Petitioner seeks only release on bond, arguing that the Michigan Court of Appeals unexplained order vacating his release on bond by the trial court violates due process of law. 28 U.S.C. § 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case against him." *Atkins v. People of the State of Michigan*, 644 F.2d 543, 545, n. 1 (6th Cir.), *cert. denied*, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981). Accordingly, this Court concludes that the instant petition is properly brought under § 2241.

See also Lewis v. South Carolina, C/A No. 9:07-1717, 2007 WL 2822243, at *2 (D.S.C. September 26, 2007)("If a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by § 2254, and he may seek relief pursuant to § 2241."), appeal dismissed by, 275 Fed.Appx. 258 (4th Cir. 2008).

> Moreover, bail after conviction is not constitutionally guaranteed. *See Finetti v. Harris*, 609 F.2d 594, 597 (2d Cir.1979) ("there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts") (cited with approval in *Landano v. Rafferty*, 970 F.2d 1230, 1240 (3d Cir. 1992) (dicta) and *Marks v. Zelinski*, 604 F.Supp. 1211, 1213 (D.N.J. 1985)). *See also Young v. Hubbard*, 673 F.2d 132 (5th Cir. 1982). Nevertheless, "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti*, 609 F.2d at 599.
>
> In reviewing state court proceedings denying bail, "considerations of federal-state comity require that federal courts ... must presume regularity on the part of the state courts and ... denial of bail without a statement of reasons is not arbitrary per se." *Id*. Instead, "the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail ." *Id*. at 601.

Burr v. Sherrer, No. Civ. 05-3894, 2005 WL 2007026, at *3 - *4 (D.N.J. 2005); Levin v. Hall, 946 F.Supp. 368, 368 (E.D.Pa. 1996)("In order to demonstrate such an arbitrary or unreasonable deprivation, petitioner must demonstrate that no rational basis can be found in the record for the denial of bail pending appeal, and he has not met this burden.").

Moreover, unlike in Burr and Levin, wherein the state courts denied bail altogether, the state courts here granted bail but set it at $150,000, which is the exact amount set for Petitioner prior to his first trial. If such an amount were properly set prior to a jury ever hearing any evidence against Petitioner and before the jury found the evidence sufficient to convict him of third degree murder beyond a reasonable doubt, (and Petitioner does not contend the State Court's setting of bail prior to the first trial was unconstitutional), then surely setting the amount of bail at $150,000 **after** a jury found Petitioner guilty beyond a reasonable doubt cannot be unreasonable, or constitutionally excessive. Cf. Garson v. Perlman, 541 F.Supp.2d at 526 ("all of the cases [by the Supreme Court that suggest the Eighth Amendment's excessive bail clause may apply to the States] rely upon the presumption of innocence . . . This consideration is obviously absent in post-conviction bail applications. The fact that there is no constitutional right to bail means that liberty pending appeal is not the norm for one convicted of a crime.").

11

At the very least, Petitioner has not shown that there is no rational basis for setting such an amount as bail.

The hearing transcript together with the uncontroverted evidence pointed to by the Respondents in their answer,[3] i.e., Petitioner's attempt, prior to his trial, to contact a potential witness,[4] amply demonstrate that the state courts were not irrational in setting the bail amount as they did. At the very least, Petitioner has not carried his burden to rebut the presumption of regularity of State proceedings and his burden to show that there is no rational basis in the record to support the state courts' determination. Hence, Petitioner's Eighth Amendment excessive bail claim affords him no relief.

In addition to an Eighth Amendment claim, Petition raises, in passing, an Equal Protection claim. Dkt. [1] at 7, ¶ 12 (referencing the Equal Protection clause); Dkt. [2] at 8 to 9.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In order "[t]o state an equal protection claim, plaintiff must show that: (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or

---

[3] Dkt. [10] at 5.

[4] See, e.g., United States v. Salerno, 481 U.S. 739, 765 n.7 (1987)(Marshall, J., dissenting) ("It is also true, as the majority observes, that the Government is entitled to assurance, by incarceration if necessary, that a defendant will not obstruct justice through destruction of evidence, procuring the absence or intimidation of witnesses, or subornation of perjury. But in such cases the Government benefits from no presumption that any particular defendant is likely to engage in activities inimical to the administration of justice, and the majority offers no authority for the proposition that bail has traditionally been denied *prospectively*, upon speculation that witnesses would be tampered with.").

bad faith intent to injure the person." Sabatini v. Reinstein, No. 99-2393, 1999 WL 636667, at *4 - *5 (E.D. Pa. Aug. 20, 1999). See also Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995). Essentially, to demonstrate an equal protection violation, a habeas petitioner has the burden of proving under the second prong the existence of purposeful discrimination. Hernandez v. New York, 500 U.S. 352 (1991); McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

Petitioner only baldly alleges a denial of equal protection without any elaboration. He simply claims that the imposition of $150,000 bail violated his equal protection rights. Such an allegation fails to make out an equal protection violation because Petitioner failed to allege that others who were similarly situated to him were granted bail at a lesser amount. Indeed, in the context of individualized assessments necessarily performed by state courts in the bail context, it is difficult to establish that anyone is similarly situated to another *vis a vis* bail bond so as to succeed on an equal protection theory. See e.g., Sistrunk v. Lyons, 646 F.2d at 72 ("As the Supreme Court has emphasized, bail, although generally applicable, is an individualized determination. 'Even on a conspiracy charge defendants do not lose their separateness or identity[.] The question when application for bail is made relates to each one's trustworthiness to appear for trial and what security will supply reasonable assurance of his appearance.' *Stack v. Boyle*, 342 U.S. 1, 9 (1951) (opinion of Jackson, J.). The mere fact that one co-defendant had bail set at $300,000 while another co-defendant was refused bail or had his bail set at six times that amount is, without more, insufficient evidence to establish a discrimination. Yet that is all that the record discloses on this point."); Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D. Pa. 1982)(it is difficult to believe that any two prisoners could be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly based discretionary decisions" such as bail), aff'd, 696 F.2d 985 (3d Cir. 1982)(Table); Perry v. Vaughn, NO. CIV.A. 04-CV-0934,

13

2005 WL 736633, at *11 (E.D.Pa. March 31, 2005)("Here, however, Petitioner has not identified any other similarly-situated individuals who the Board treated more favorably without a rational basis. With no averments of fact alleging the different treatment of similarly-situated persons, Petitioner cannot state a violation of equal protection. Consequently, we must dismiss Petitioner's equal protection claim as well."). Petitioner's equal protection claim fails.

      Lastly, Petitioner also makes, in passing, a "due process" claim. To the extent that Petitioner is attempting to make a substantive due process claim (separate from the substantive due process claim which incorporated the Eighth Amendment excessive bail standards that Petitioner made above), such is barred by the doctrine of Albright v. Oliver, 510 U.S. 266 (1994) and Graham v. Connor, 490 U.S. 386 (1989). In both cases, the Supreme Court held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. at 274, citing, Graham v. Connor, 490 U.S. at 395. This is so because, as the Third Circuit Court of Appeals has held in Sistrunk v. Lyons, the specific standards of the Eighth Amendment excessive bail apply herein. See, e.g., McCullah v. Gadert, 344 F.3d 655, 658 (7th Cir. 2003) ("[C]onstitutional claims should, where possible, go forward under rights rooted in an explicit textual command of the Constitution rather than more generalized notions of substantive due process."); Vera-Natal v. Hulick, NO. 05 C 1500, 2005 WL 3005613 (N.D.Ill. Nov. 7, 2005)(applying Albright doctrine in habeas case); James v. Ramirez-Palmer, No. C 01-3893, 2001 WL 1528409, at *2 (N.D.Cal. Nov. 19, 2001)("However, [the habeas] petitioner provides no authority for his claim that due process limits the use of prior convictions to enhance a sentence where the prior convictions predate the sentence enhancement statute. Such retroactivity

14

concerns are addressed by the Ex Post Facto Clause, not the Due Process Clause.")(citing Albright v. Oliver); U.S. ex rel. Smith v. Nelson, No. 96 C 5589, 1997 WL 441309, at *6 (N.D.Ill. July 28 1997)(since Eighth Amendment supplied the relevant standards for determining the constitutionality of punishments, habeas petitioner had no additional claim under substantive due process).

To the extent that Petitioner is arguing a procedural due process claim, i.e., the state courts denied Petitioner a liberty interest in a lower bail without procedural protections, the Court is unconvinced. Conducting a procedural due process analysis involves a two step inquiry: the first question to be asked is whether the complaining party has a protected liberty interest within the contemplation of the Due Process clause and, if so, the second question to be asked is whether the process afforded the complaining party comported with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Assuming for the sake of argument that Petitioner had a liberty interest in bail and/or in the reduction of his bail, denying him such a reduction was not accomplished without procedural due process. It is undisputed that Petitioner had notice and an opportunity to be heard at the bail hearing conducted by the state trial court. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985) ("[t]he essential requirements of due process ... are notice and an opportunity to respond."). Hence, this issue does not afford Petitioner relief.

Accordingly for any and /or all of the foregoing reasons, the petition is properly **DENIED**. To the extent one is required, a Certificate of Appealability is **DENIED**.[5]

---

[5] This Court need not definitively resolve whether a COA is needed because the Court of Appeals has discretion to treat a notice of appeal as an application for a certificate of appealability and vice versa. In either event, if Petitioner files a notice of appeal and the Court of Appeals determines that certificate of appealability is needed, that Court certainly has the discretion to treat the notice of appeal as a request for a certificate of appealability and act

**Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).**

    **THESE THINGS ARE SO ORDERED** this 25th day of September, 2008.

                /s/ *Amy Reynolds Hay*
                United States Magistrate Judge

cc: Marshall Martin
   FA-9743
   SCI Graterford
   P.O. Box 244
   Graterford, PA 19426

   All Counsel of Record via CM-ECF

---

accordingly. See Slack v. McDaniel, 529 U.S. 473, 483 (2000)("as AEDPA applied, the Court of Appeals should have treated the notice of appeal as an application for a COA."); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997)("we will treat the notice of appeal as a 'request' for a COA"), overruled on other grounds by, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.1997); Fed.R.App.P. 22(b) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). Alternatively, if the petitioner files a request for a certificate of appealability, but should have filed a notice of appeal, the Court has discretion to consider it as such. See, e.g., United States v. Spencer, 21 Fed.Appx. 803, 804 (10th Cir. 2001)("We agree that Mr. Spencer's filing of his COA application constitutes a timely filing of a notice of appeal.")(citing, Rodgers v. Wyoming Att'y Gen., 205 F.3d 1201, 1205 (10th Cir. 2000) ("A document, such as an application for a ... certificate of appealability, is the functional equivalent of a notice of appeal if it contains the three elements ... required by Rule 3(c)."), overruled on other grounds as recognized by, Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001)).